# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KINGSBURY, Personal Representative of the Estate of and Next of Kin to RACHEL MARY KINGSBURY, DECEASED, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-14-468-M |
| WESTLAKE MANAGEMENT COMPANY, a Texas Corporation; RON LUSK, an individual; QC PROPERTY HOLDINGS, LLC, a Georgia limited liability company; and QC NURSING, LLC, a Georgia limited liability company, d/b/a Quail Creek Nursing and Rehabilitation Center, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Westlake Management Company's ("Westlake") Motion to Dismiss, filed September 23, 2014. On October 14, 2014, plaintiff filed his response, and on October 21, 2014, Westlake filed its reply. Based upon the parties' submissions, the Court makes its determination.

Westlake is the general partner of Westlake Nursing Home Limited Partnership ("Westlake Nursing Home"). Ms. Kingsbury died on September 14, 2006. On September 12, 2008, plaintiff sued Westlake Nursing Home in the District Court of Oklahoma County, alleging that Westlake Nursing Home was liable for the death of Ms. Kingsbury. Specifically, plaintiff alleged that Ms. Kingsbury resided at the nursing home owned by Westlake Nursing Home and the nursing home staff negligently fed her an improper diet, causing her to die as a result.

A jury trial was conducted, and on February 28, 2014, the jury rendered a verdict against Westlake Nursing Home in the total amount of $304,049.58. On May 8, 2014, a Journal Entry of Judgment against Westlake Nursing Home for $349,427.23, together with post-judgment interest, was filed in the District Court of Oklahoma County. On May 8, 2014, plaintiff filed the instant action, seeking, in part, a judgment against Westlake based upon its liability as a general partner for the judgment against Westlake Nursing Home.

Westlake now moves this Court to dismiss this action for failure to state a claim upon which relief can be granted. Specifically, Westlake asserts that plaintiff's claim is barred by the applicable two-year statute of limitations governing the underlying negligence action. Plaintiff, on the other hand, contends that his claim against Westlake is not barred by the statute of limitations because the negligence statute of limitations does not apply to this case. Plaintiff further contends his claim did not accrue until the judgment against Westlake Nursing Home was filed in the District Court of Oklahoma County.

There are no Oklahoma or Tenth Circuit cases that address this issue. The courts that have addressed this issue are split. Some courts have found that a plaintiff must bring its claim against a general partner to hold it liable for a partnership's liability within the limitations period applicable to the underlying claims of wrongdoing against the partnership. *See Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332 (9th Cir. 1997); *Sunseri v. Proctor*, 487 F. Supp. 2d 905 (E.D. Mich. 2007), *aff'd*, 286 F. App'x 930 (6th Cir. 2008); *Gutrich v. Cogswell & Wehrle*, 961 P.2d 1115 (Colo. 1998). Other courts have found that the limitations period against a partner does not commence until after final judgment against the partnership is entered. *See Evanston Ins. Co. v. Dillard Dep't Stores, Inc.*, 602 F.3d 610 (5th Cir. 2010); *Am. Star Energy and Minerals Corp. v.*

2

*Stowers*, No. 13-0484, 2015 WL 859277 (Tex. Feb. 27, 2015);[1] *In re Jones*, 161 B.R. 180 (Bankr. N.D. Tex. 1993). Having carefully reviewed the above cases, the Court finds the cases finding the limitations period does not commence until after final judgment against the partnership is entered are more persuasive.[2]

"Generally, a statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a plaintiff first could have maintained his action to a successful conclusion." *Okla. Brick Corp. v. McCall*, 497 P.2d 215, 217 (Okla. 1972). Thus, to determine the statute of limitations in this case, the Court must first determine the nature of plaintiff's cause of action – is plaintiff's cause of action one for debt, that is, to enforce the judgment against Westlake Nursing Home against Westlake, the general partner of Westlake Nursing Home, pursuant to Oklahoma's partnership statutes or is plaintiff's cause of action for negligence, i.e., the same cause of action brought in the District Court of Oklahoma County against Westlake Nursing Home. In plaintiff's Complaint, plaintiff makes no allegations of negligent conduct on the part of Westlake in relation to Ms. Kingsbury's death. Instead, plaintiff alleges Westlake is liable for the judgment against Westlake Nursing Home based upon Oklahoma partnership law. The Court, therefore, finds

---

[1]This opinion has not been released for publication in the permanent law reports. Until released, it is subject to revision or withdrawal.

[2]The Texas partnership statutes involved in the cases finding the limitations period does not commence until after final judgment against the partnership is entered are substantially the same as Oklahoma's partnership statutes. In fact, in its reply, Westlake agrees that the relevant provisions of Texas' partnership statutes are substantially the same as Oklahoma's partnership statutes. "Although the states' versions of RUPA are not identical, the only provisions relevant in the present case have the same substantive provisions." Defendant Westlake Management Company's Reply in Support of Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim at 5, n.2.

plaintiff's cause of action is one for debt – to enforce the judgment against Westlake Nursing Home against Westlake, the general partner of Westlake Nursing Home.

Under Oklahoma law, except as otherwise provided, "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Okla. Stat. tit. 54, § 1-306(a). Thus, the Court finds a partner's liability does not arise until the partnership's obligation has been determined.[3] This finding is consistent with the permissive rule that "[a]n action may be brought against the partnership and . . . any or all of the partners <u>in the same action or in separate actions</u>." Okla. Stat. tit. 54, § 1-307(b) (emphasis added).

> The only practical reason to sue a partner separately is to be able to sue him later – a concurrent separate suit would presumably be consolidated or sit pending disposition of the case against the partnership. The most likely time, if not the only logical time, a plaintiff would do so is when the partnership fails to satisfy the judgment. . . . In allowing separate suits, the Legislature must have contemplated that at least some subsequent actions against partners would be brought outside of the original limitations period.

*Am. Star Energy*, 2015 WL 859277, at *4.

Finally, Westlake asserts that the statutory provision that the judgment against a partner must be "based on the same claim" as the judgment against the partnership[4] requires that the judgment

---

[3] Of course, if a partner personally participated in the conduct at issue in the underlying suit which gives rise to the partnership's obligation – in this case, personally participating in the negligence which led to Ms. Kingsbury's death, the partner's liability would arise at the time of the conduct.

[4] A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless the partner is personally liable for the claim under Section [1-306] and:
(1) a judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part; . . . .

4

obtained against a partner must be founded upon the identical claim giving rise to the judgment against the partnership and, thus, the same statute of limitations applicable to the claim against the partnership should be applied to the claim against the partner. The Court does not find Westlake's assertion persuasive. The instant action is to enforce liability created by Oklahoma partnership law, but it is still based on plaintiff's underlying negligence claim, consistent with Okla. Stat. tit. 54, § 1-307(d).

Accordingly, the Court finds that the statute of limitations period in this case did not commence until after final judgment against Westlake Nursing Home was entered in the District Court of Oklahoma County on May 8, 2014. As plaintiff filed the instant action on that same day, the Court finds plaintiff's claim against Westlake is not barred by the statute of limitations.

Therefore, the Court DENIES Westlake's Motion to Dismiss [docket no. 39].

**IT IS SO ORDERED this 13th day of April, 2015.**

*[signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

Okla. Stat. tit. 54, § 1-307(d)(1).