IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KINGSBURY, Personal Representative of the Estate of and Next of Kin to RACHEL MARY KINGSBURY, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>WESTLAKE MANAGEMENT COMPANY, a Texas Corporation; RON LUSK, an individual; QC PROPERTY HOLDINGS, LLC, a Georgia limited liability company; and QC NURSING, LLC, a Georgia limited liability company, d/b/a Quail Creek Nursing and Rehabilitation Center,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-14-468-M |

**ORDER**

Before the Court is defendant Ron Lusk's ("Lusk") Motion to Dismiss, filed January 2, 2015. On January 23, 2015, plaintiff filed his response, and on January 30, 2015, Lusk filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Lusk is the limited partner of Westlake Nursing Home Limited Partnership ("Westlake Nursing Home") and the sole shareholder of Westlake Management Company ("Westlake"). Ms. Kingsbury died on September 14, 2006. On September 12, 2008, plaintiff sued Westlake Nursing Home in the District Court of Oklahoma County, alleging that Westlake Nursing Home was liable for the death of Ms. Kingsbury. Specifically, plaintiff alleged that Ms. Kingsbury resided at the nursing home owned by Westlake Nursing Home and the nursing home staff negligently fed her an improper diet, causing her to die as a result.

A jury trial was conducted, and on February 28, 2014, the jury rendered a verdict against Westlake Nursing Home in the total amount of $304,049.58. On May 8, 2014, a Journal Entry of Judgment against Westlake Nursing Home for $349,427.23, together with post-judgment interest, was filed in the District Court of Oklahoma County. On May 8, 2014, plaintiff filed the instant action, asserting, in part, an alter ego liability cause of action against Lusk. Specifically, plaintiff alleges Westlake and Westlake Nursing Home are the alter egos of Lusk, and Lusk should be held liable to the same extent as Westlake and Westlake Nursing Home.

II.     Discussion

Lusk now moves this Court to dismiss the alter ego liability cause of action for failure to state a claim upon which relief can be granted. Specifically, Lusk asserts that plaintiff's alter ego liability cause of action is barred by the applicable two-year statute of limitations governing the underlying negligence action and asserts that an alter ego liability cause of action can not be maintained in relation to a limited partnership.

    A.     Alter ego liability cause of action in relation to Westlake

Lusk asserts that plaintiff's alter ego liability cause of action in relation to Westlake is barred because plaintiff's claim against Westlake is barred by the applicable two-year statute of limitations governing the underlying negligence action. In a separate order issued this same date, the Court found that plaintiff's claim against Westlake is not barred by the statute of limitations. Accordingly, the Court finds that plaintiff's alter ego liability cause of action in relation to Westlake is also not barred by the statute of limitations. The Court, therefore, finds that plaintiff's alter ego liability cause of action in relation to Westlake should not be dismissed.

B.  Alter ego liability cause of action in relation to Westlake Nursing Home

Lusk asserts that an alter ego liability cause of action can not be maintained in relation to a limited partnership. There are no Oklahoma or Tenth Circuit cases that address this issue.[1] Most courts that have considered whether alter ego concepts apply to limited partners have held that they do not. *See* J. William Callison, Maureen A. Sullivan, Partnership Law and Practice: General and Limited Partnership §23:1 (2014). However, some courts have noted that alter ego concepts possibly could apply when the limited partnership was used to perpetrate actual fraud for the direct, personal benefit of the limited partner, to perpetrate injustice, or to otherwise circumvent the law. *See Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 58-59 (Tex. App. 2013); *Canter v. Lakewood of Voorhees*, 22 A.3d 68, 70 (N.J. Super. Ct. App. Div. 2011).

In his response, plaintiff asserts that his alter ego liability cause of action in relation to Westlake Nursing Home can be maintained because it is based upon Lusk using $2.8 million of Westlake Nursing Home's money to perpetrate an actual fraud for his own direct, personal benefit; thereby, preventing plaintiff from obtaining any satisfaction of his judgment against Westlake Nursing Home. However, while plaintiff makes these assertions in his response to Lusk's motion to dismiss, plaintiff sets forth no allegations in his Complaint regarding Lusk committing any fraud, Lusk absconding with the money, etc. Because an alter ego liability cause of action generally can not be maintained in relation to a limited partnership, and because plaintiff has set forth no allegations, factual or otherwise, in his Complaint that Westlake Nursing Home was used by Lusk to perpetrate actual fraud for the direct, personal benefit of Lusk, to perpetrate injustice, or to

---

[1] In fact, there are very few cases that address this issue.

otherwise circumvent the law, the Court finds that plaintiff's alter ego liability cause of action in relation to Westlake Nursing Home should be dismissed.

III. Conclusion

Therefore, the Court GRANTS IN PART and DENIES IN PART Lusk's Motion to Dismiss [docket no. 48] as follows:

(A) The Court grants the motion to dismiss as to plaintiff's alter ego liability cause of action in relation to Westlake Nursing Home and dismisses plaintiff's alter ego liability cause of action in relation to Westlake Nursing Home, and

(B) the Court denies the motion to dismiss as to plaintiff's alter ego liability cause of action in relation to Westlake.

**IT IS SO ORDERED this 13th day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE