## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KINGSBURY, Personal | ) | |
| Representative of the Estate of and Next | ) | |
| of Kin to RACHEL MARY | ) | |
| KINGSBURY, DECEASED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-468-M |
| | ) | |
| WESTLAKE MANAGEMENT | ) | |
| COMPANY, a Texas Corporation; | ) | |
| RON LUSK, an individual; | ) | |
| QC PROPERTY HOLDINGS, LLC, | ) | |
| a Georgia limited liability company; and | ) | |
| QC NURSING, LLC, a Georgia limited | ) | |
| liability company, d/b/a Quail Creek | ) | |
| Nursing and Rehabilitation Center, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Non-Party Patti Lusk's Motion to Quash Subpoena Duces Tecum Directed to Plains Capital Bank, filed May 29, 2015. On June 19, 2015, plaintiff filed his objection, and on June 26, 2015, Mrs. Lusk filed her reply. Based upon the parties' submissions, the Court makes its determination.

In the instant case, plaintiff alleges a general partner liability claim against defendant Westlake Management Company and an alter ego liability claim against defendant Ron Lusk. On May 11, 2015, counsel for plaintiff issued a subpoena to Plains Capital Bank, seeking to obtain the bank records for Mrs. Lusk's personal bank account at Plains Capital Bank. Mrs. Lusk is the spouse of defendant Ron Lusk.

Mrs. Lusk moves this Court to quash the Plains Capital Bank subpoena on the grounds that such information is irrelevant to plaintiff's alter ego claim and violates her legitimate expectations

of privacy in her confidential financial records. Plaintiff asserts that defendant Ron Lusk, as the alter ego of Westlake Management Company, fraudulently transferred the net proceeds from the sale of the nursing home to himself personally and plaintiff has a right to inquire as to the various transactions concerning the net proceeds. Plaintiff further asserts that a portion of the net proceeds were deposited into Mrs. Lusk's personal checking account at Plains Capital Bank. Plaintiff contends that "[t]he mere fact that nursing home sale proceeds were transferred into her personal checking account, which she accepted, entitles Plaintiff to know what happened to those funds or, as is suspected, if more nursing home sale proceeds were deposited into her personal account." Plaintiff's Objection to Non-Party Patti Lusk's Motion to Quash Subpoena Duces Tecum Directed to Plains Capital Bank at 3.

Having carefully reviewed the parties' submissions, the Court finds that the Plains Capital Bank subpoena should be quashed. Specifically, the Court finds that plaintiff has not shown that bank records from Mrs. Lusk's personal account are relevant to the alter ego claim at issue in this case. Mrs. Lusk is not a defendant in this case, and plaintiff has made no allegations that Mrs. Lusk is the alter ego of Westlake Management Company or Westlake Nursing Home Limited Partnership. Further, the Court finds what Mrs. Lusk did with any proceeds she received from Westlake Management Company is not relevant to the alter ego claim at issue in this case.[1]

Accordingly, the Court GRANTS Non-Party Patti Lusk's Motion to Quash Subpoena Duces Tecum Directed to Plains Capital Bank [docket no. 91] and QUASHES the subpoena duces tecum

---

[1]While the bank records from Mrs. Lusk's personal account might be relevant in relation to a fraudulent transfer claim, plaintiff has not asserted such a claim in this case. Plaintiff is pursuing such a claim in a related action, *Racher, et al. v. Lusk, et al.*, Case No. CIV-13-665-M.

directed to Plains Capital Bank seeking the bank records for Mrs. Lusk's personal bank account.

**IT IS SO ORDERED this 7th day of August, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE